**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division**

| | |
|---|---|
| In re ROBERT LEE COOLEY and ) | Case No. 08-60222-LYN |
| DENISE SHIVELY COOLEY, ) | |
| ) | |
| Debtors. ) | |
| ) | |

## MEMORANDUM and ORDER

This matter comes before the court on a motion by the chapter 7 trustee to reopen the above-styled bankruptcy case to administer an asset that was properly scheduled by the debtor.

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This proceeding is a core proceeding. 28 U.S.C. § 157(b)(2)(A). This Court may enter a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as required by Fed. R. Civ. P. 52, which is made applicable in this proceeding by Fed. R. Bankr. P. 7052.

*Facts*

On February 1, 2008, the Debtors filed the above-styled chapter 7 petition. The Debtors scheduled a 2004 Ford Explorer ("the Vehicle") as property of the estate with a value of $12,000.00. The Debtors did not indicate on their original schedules that the Vehicle served as collateral for a debt arising from a claim against the debtor. HSBC Auto Finance filed a request for notice in the above-styled case.

The Debtors eventually filed an amended Schedule D exempting the Vehicle in the total

amount of $6,300.00.

The first meeting was held on March 10, 2008. On March 18, 2008, the trustee filed a notice of assets. On May 22, 2008, the trustee filed a no-asset report and the case was closed in the normal course on May 23, 2008.

On June 20, 2008, the trustee filed a motion to reopen the case in order to sell the Vehicle for the benefit of creditors. The case was reopened. On June 27, 2008, the debtors filed an opposition to the motion to reopen the case.

On June 26, 2008, the trustee filed an adversary complaint against HSBC Auto Finance seeking to avoid a security interest in the Vehicle.

*Discussion.*

This case has been reopened. While the debtor has filed an opposition to that motion that led to the reopening of this case, the substantive issue is not whether the case should be reopened. Rather the issue is whether reopening of the case is sufficient by itself to revest property in the estate or whether some determination must be made by the Court.

The dispute raises a number of questions. First, may a trustee administer an asset if that asset has been abandoned and is no longer property of the estate? Second, is abandoned property revested in the estate when a case is reopened under Section 350(a)? Third, if not, will the vacatur of an order closing a case revest property back into the estate?

*Abandoned Assets.* The filing of a bankruptcy petition creates an estate that includes all legal interests of the debtor in property of the estate as of the commencement of the estate. 11 U.S.C. § 541(a)(1). The debtor is required to file a schedule describing such assets. 11 U.S.C. § 521. The trustee is duty bound to reduce to cash and distribute the asset of the estate and close

the estate as expeditiously as is compatible with the best interests of parties in interest.  11 U.S.C. § 704(a).

It is the duty of the debtor to disclose his or her legal and equitable interests in property by listing those interest in the schedules.  See 11 U.S.C. § 521.  Unless the court orders otherwise, any property scheduled under Section 521 and not otherwise administered at the time of the closing of a case "is abandoned to the debtor and administered for purposes of section 350 of [title 11]".  11 U.S.C. § 554(c).  Also see In re Sutton, 10 B.R. 737, 740 (Bankr.E.D.Va. 1981) (Property that is scheduled and that is not concealed from the trustee is irrevocably abandoned.) Unless the court orders otherwise, property of the estate that is not abandoned under Section 554 and that is not administered in the case remains property of the estate. 11 U.S.C. § 554(d). Abandonment constitutes a divestiture of all of the estate's interests in the property.  5 Lawrence P. King et al., Collier on Bankruptcy, ¶ 554.02, at 554-5 (15th ed. Revised).

The debtor scheduled the property.   The trustee filed a no-asset report triggering the closing of the case in the normal course.   The closing of the case necessarily signaled the technical[1] abandonment of all property scheduled by the debtor that was, at the time of closing, property of the estate.  The Real Property was abandoned and is no longer property of the estate. As such, the trustee has been divested of his authority to administer it.  Consequently, there would seem to be no reason to reopen this case.

*The Effect of Reopening a Case on Abandonment under Section 554(c).*   At one end of the spectrum, some courts seem to hold that once property is abandoned under Section 554(c), it

---

[1] Abandonment under Section 554(c) is often referred to as "technical" abandonment.  While the term is somewhat misleading in that it implies that abandonment under Section 554(c) is the result of some detail of law that may be easily reversed, it is used here in order to comport with convention.

cannot be returned to the estate to be administered by the trustee.  See, e.g., Huntington Nat'l Bank v. Hunter (In re Hunter), 76 B.R. 117, 118-20) (Bankr. S.D. Ohio 1987) and In re Atkinson, 62 B.R. 678, 679-80 (Bankr. D. Nev. 1986) (Both cited in Woods.).  In Huntington, the trustee filed a report of abandonment but no order was ever docketed closing the case.   The Court noted that the general rule is that once a trustee abandons property the abandonment is irrevocable, but never discussed the effects of technical abandonment.  In Atkinson, creditors sought to reopen the case so that they could administer a cause of action that had been abandoned by the trustee more than a year before they filed their motion to reopen.  It is not clear that the Atkinson Court would have held that property abandoned by statute can never revest in the estate.  In any event, neither Huntington nor  Atkinson directly addresses the issue of whether technical abandonment may be reversed.

Other courts have seen fit to reverse the effect of Section 554(c) that occurs upon the closing of a case.  Some have held that reopening a case automatically negates the technical abandonment of property of the estate.  See discussion in In re Woods, 173 F.3d 770, 776 (10th Cir 1999), cert. denied, 528 U.S. 878, 120 S.Ct. 187, 145 L.Ed. 2d 157 (1999) (And cases cited therein.)  Other courts have returned property to the estate on the grounds that Section 554(c) grants them the power to modify or revoke a technical abandonment once a case is reopened.  Id. (And cases cited therein.).

The Court in Woods considered and rejected both of these holdings, the first on the grounds that Section 554(c) is silent as to what happens after technical abandonment, the second on the grounds that the holding is too broad, i.e., it would revest all abandoned property in the estate upon the reopening of a case to avoid a lien.   This Court agrees with the reasoning in

4

Woods.  Abandonment under Section 554(c) is not automatically reversed upon the reopening of a case.  Nor do Courts have the power to revoke a technical abandonment upon reopening without some other statutory basis to do so.

The trustee, citing Woods, argues that technical abandonment may be reversed by vacating the order closing the case pursuant to a motion for relief from that order under Fed. R. Civ. P. 60(b)(1) as made applicable in this proceeding by Fed. R. Bankr. P. 9024.  Rule 60(b)(1) provides that a court may relieve a party or its legal representative from a final order for inadvertence or mistake.  The trustee argues that Rule 60(b)(1) is available to a party seeking to vacate, nunc pro tunc, an order closing a case in order to effect the revestiture of abandoned property back into the estate.

The Debtor, citing In re Sutton, 10 B.R. 737 (Bankr. E.D.Va. 1981), argues that another Virginia bankruptcy court has held that technical abandonment is irrevocable, Rule 60(b) notwithstanding.  In Sutton, as in Huntington, the property was abandoned upon request by the trustee in his notice of abandonment, not by statute.  Thus, the issue in that case did not concern technical abandonment.  Further, while the court alluded to Rule 60(b) in its discussion, it did not hold that it would never be available under any circumstance.

This Court agrees with the trustee.  If technical abandonment were strictly irrevocable, it could result in an outcome that would be indefensible under any definition of equity.  For instance, suppose the clerk effected the entry of order closing the wrong case.  If Rule 60(a) were not available to reverse the clerical mistake, then the fundamental bankruptcy goal of orderly distribution of assets to creditor would be thwarted.  It is concluded that the Court may, under Rule 60(b), grant relief from the order of this Court closing this case and from its effect.

*The Standard for Inadvertence or Mistake under Rule 60(b)(1).*  Rule 60(b)(1) provides that a party may be granted relief from an order for mistake, inadvertence or excusable neglect. The burden is on the moving party to show an acceptable excuse for the inadvertence.

> In order to obtain relief from a judgment under Rule 60(b)(1), a party must show the existence of mistake, inadvertence, surprise or excusable neglect as a ground for relief. As we have stated, a party seeking relief from a default judgment under Rule 60(b)(1) must show not only that he has a meritorious defense, but also "that he had an acceptable excuse for lapsing into default...." Central Operating Co., 491 F.2d at 252; see also 11 C. Wright & A. Miller, Federal Practice & Procedure § 2858, at 170 (1973) (party seeking relief from a judgment under Rule 60(b)(1) "must make some showing of why he was justified in failing to avoid mistake or inadvertence").

Park Corp. v. Lexington Ins. Co., 812 F.2d 894 (4th Cir. 1987).

In this case, the burden of proof is on the chapter 7 trustee to demonstrate why he was justified in failing to avoid mistake or inadvertence.  The chapter 7 trustee relies on his affidavit and on the record in this case.

At the first meeting of creditors held on March 18, 2008, the trustee determined that there were assets that could be administered for the benefit of creditors.   He filed a notice of assets with the Clerk of the Court on that same date and the claims bar date was set for July 30, 2008. On May 22, 2008, the trustee filed an report of no-assets.  He asserts that this filing was inadvertent.  At the hearing on the matter, counsel for the trustee suggested that the filing of the no-asset report occurred because a member of the trustee's staff incorrectly designated the case.

While the trustee's argument would be stronger if he had provided some evidence regarding the safeguards inherent in his internal procedures, the other facts in this case tend to support his assertion of inadvertence.  The trustee filed a motion to reopen the case less than 30 days after it was closed and more than 30 days before the claims bar date occurred.  The trustee was in the process of administering the asset, he had taken no other affirmative steps indicative

of abandonment and he did not delay responding when the case was closed. This is sufficient, if barely, for the Court to conclude that the filing of the no-asset report was inadvertent.

## ORDER

For the foregoing reasons, the order closing this case shall be and hereby is vacated, but only to the extent that it caused the statutory abandonment of the 2004 Ford Explorer. The trustee may administer the 2004 Ford Explorer for the benefit of creditors.

So ORDERED.

Upon entry of this Memorandum and Order the Clerk shall forward a copy to Michael W. Cannaday, Esq., counsel for the debtor, and W. Joel Charboneau, Esq., counsel for the chapter 7 trustee.

Entered on this  15th  day of August, 2008.

_____
William E. Anderson
United States Bankruptcy Judge